UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-22984-BLOOM/Otazo-Reyes**

JOHN DOE,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A"

    Defendants.
_____/

**ORDER ON MOTION TO TEMPORARILY
PROCEED UNDER A PSEUDONYM AND TO FILE UNDER SEAL**

**THIS CAUSE** is before the Court upon Plaintiff John Doe's ("Plaintiff") Motion for Leave to File Under Seal and to Temporarily Proceed Under a Pseudonym, ECF No. [4] ("Motion"). For the reasons discussed below, the Motion is granted in part and denied in part.

Plaintiff has filed a Complaint alleging patent infringement from hundreds of e-commerce sellers that manufacture, market, solicit, distribute, offer for sale and/ or display content infringing on Plaintiff's registered patent through various e-commerce platforms, including but not limited to Walmart, eBay, and Alibaba.com. ECF No. [1]. In its Motion, Plaintiff notes that a Chinese website known as "SellerDefense" monitors recently filed counterfeit-enforcement lawsuits in this district, identifies the law firm and parties involved, posts pleadings, all in an effort to aid the defendants in undermining the plaintiff's efforts of enforcing their U.S. intellectual property rights, including changing Defendant payment processors.

Plaintiff therefore argues that it should be permitted to temporarily proceed under a pseudonym in this lawsuit until Defendants' internet stores and financial accounts are restrained.

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

Plaintiff maintains that, based on counsel's experience in cases with similar facts, defendants who know of other Plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts.

Plaintiff also seeks to file documents under seal until Defendants are served with the temporary restraining order and the restriction ordered is implemented by the platforms and financial institutions related to this cause of action. Plaintiff seeks leave to seal a total of eight filings but provides no explanation as to why they must all be sealed.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id*. (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs:

whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this trademark suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. See *Plaintiff B*, 631 F.3d at 1316, 1317*; S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. See *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose

personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

Plaintiff alleges that, if Defendants discover Plaintiff's identity, they may act in concert to thwart enforcement of Plaintiff's intellectual property rights. Plaintiff requests to temporarily proceed under a pseudonym in this action until Defendants' e-commerce stores and financial accounts are restrained. Those assertions are based on information shared on Chinese chats and websites such as SellerDefense dealing exclusively with violations of intellectual property, including in this District.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF NO. [4]**, is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name once Defendants have been served with the temporary restraining order, if granted, and once Plaintiff has subpoenaed the third-party payment processors and online marketplaces to instruct them to restrain Defendants' assets and suspend their online stores.

2. Plaintiff may file under seal the Amended Complaint, Schedule "A," and the Application for Entry of Temporary Restraining Order, including supporting Declarations. Those filings shall remain under seal until further Order from the Court.

**DONE AND ORDERED** in Miami, Florida, on August 10, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

5