UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

BO WANG,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A"

    Defendants.
_____/

**SEALED ORDER GRANTING *EX PARTE* APPLICATION FOR
ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court on Plaintiff Bo Wang's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [10] ("Motion"), filed on August 21, 2023. In the Motion, Plaintiff moves for entry of a temporary restraining order ("TRO") against Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint, ECF No. [7-2], and an order restraining the financial accounts used by Defendants pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

**I. BACKGROUND**

On August 21, 2023, Plaintiff Bo Wang ("Plaintiff") filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered

patent or a substantially similar reflection thereof, in violation of federal patent law. *See* ECF No. [7] at 4-7.

Plaintiff owns one (1) United States Design Patent, No. US D 914,853 S, for an ornamental design of a bath basin (hereinafter "Plaintiff's Patent" or "853 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. *See* ECF No. [10-1].

Plaintiff is the owner of all rights, title and interest to the 853 Patent, which Plaintiff advertises, offers for sale and sells the 853 Patent in authorized e-commerce stores such as Amazon, among others. See Wang Decl. ¶ 6, ECF No. [10-3]. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 853 Patent. *Id.* ¶ 7. The 853 Patent has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. *Id.* ¶ 6. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 853 Patent. *Id.* ¶ 8.

Without Plaintiff's permission or license, Defendants are allegedly promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites (such as Amazon, eBay and others) operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Motion for TRO. *See* ECF No. [10-2]. A simple comparison of Defendants' infringing goods with Plaintiff's Patent and any layman can observe Defendants' infringement of Plaintiff's exclusive patent rights as the images are virtually exact duplicates or substantially similar images to the 853 Patent. *Compare* ECF No. [10-1] *with* ECF Nos. [9-1], [9-2], [9-3], [9-4], [9-5] and [9-6].

## II. LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## III. DISCUSSION

Based on the declarations submitted in support of Plaintiff's motion, the Court concludes that Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's Patent. Because of the infringement of the 853 Patent, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted.

There is good cause to believe that if the Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the 853 Patent.

The public interest favors issuance of the temporary restraining order to protect the Plaintiff's interests to encourage respect for the law and to protect the public from being defrauded by the illegal sale of infringing goods.

The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284.

In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, ECF No. [10], is **GRANTED**, and a Temporary Restraining Order is issued under the terms set forth below:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Plaintiff's Patent; and

        b.        From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing reproductions or derivatives of the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

        2.        Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

        3.        Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

        4.        Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Wish, Wishpay, Amazon, Amazon Pay, Ebay, PayPal, Everymarket, Gosupps, Alibaba, Temu and/or Walmart, and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order,

        a.        Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

        b.        Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

5.        Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

6.        In addition to other methods authorized by law, the Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers listed in Schedule A.

7. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

8. This Order shall go into effect immediately and remain in full force for two weeks from the date of entry of this Order and **expires on September 6, 2023 at 11:59 p.m**., or until further order of the Court.

9. Pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

10. After the Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, the Plaintiff shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, the Plaintiff shall post copies of the Amended Complaint, Application for

Case No. 23-cv-22984-BLOOM/Otazo-Reyes

Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at https://www.dropbox.com/scl/fo/0b5j0g3v7ytz28jrby3l9/h?rlkey=bip9dkeuxxr070afo89q64ibi&dl=0 and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. The Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at :

https://www.dropbox.com/scl/fo/0b5j0g3v7ytz28jrby3l9/h?rlkey=bip9dkeuxxr070afo89q64ibi&dl=0.

11. A **hearing** is set before this Court via **Zoom teleconference** on **September 6, 2023, at 2:00 p.m.**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. **The Zoom hyperlink is: https://www.zoomgov.com/j/1615913558?pwd=amUza1NGeVhkUk1tek9HYUxneHRtdz09. Alternatively, the Zoom Meeting ID is: 161 591 3558; and the Passcode is: 364059**.

12. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

13. The Clerk shall file this Order under seal.

14. This Order, and all other filings in this case, will be **UNSEALED** on **Wednesday, August 30, 2023**. The Court puts Plaintiff on notice that Plaintiff's failure to freeze Defendants' assets by that date will **NOT** justify the continued sealing of documents in this case. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (discussing the "constitutionally-embedded presumption of openness in judicial proceedings" (quotation marks omitted)).

15. The above dates may be revised only upon approval of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record